[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12844
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00449-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS GOINES,
a.k.a. Thomas Goins,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 24, 2008)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Thomas Goines appeals his 78-month sentence for

possession of child pornography.  Goines argues that his sentence was unreasonable because the district court failed to adequately consider his personal history and circumstances.  After review, we affirm.

## I.  BACKGROUND

After receiving a tip from Goines's employer that he had child pornography on his work laptop computer, Federal Bureau of Investigation ("FBI") agents interviewed Goines at his home.  During the interview, Goines admitted to possessing child pornography on his home computer.  FBI agents seized and searched Goines's home computer and found approximately 150 videos depicting children, ranging from infants to teenagers, engaged in sexual activity.  Goines's collection of pornographic material was "massive."  When the FBI returned to arrest Goines less than two months later, he had already purchased a new computer so he could get back on line, but no new child pornography was found on that computer.

Goines pled guilty to one count of possessing visual depictions of minors engaged in sexually-explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).  The Presentence Investigation Report ("PSI") calculated a base offense level of 18, under U.S.S.G. § 2G2.2(a) and increased his offense level: (1) by two levels because he possessed graphic material that involved minors under the age of 12

2

years (U.S.S.G. § 2G2.2(b)(2)); (2) four levels because he possessed material that portrayed sadistic or masochistic conduct involving prepubescent children (U.S.S.G. § 2G2.2(b)(4)); (3) two levels because he used a computer in his offense (U.S.S.G. § 2G2.2(b)(6)); and (4) five levels because he possessed over 150 videos, the equivalent of 11,250 images of child pornography (U.S.S.G. § 2G2.2(b)(7)(D)).  Pursuant to U.S.S.G. § 3E1.1(a) and (b), the PSI lowered Goines's offense level by three levels for acceptance of responsibility.  With a total offense level of 28 and a criminal history category of I, the PSI recommended an advisory guideline range of 78 to 98 months' imprisonment.  Goines did not object to the PSI.

At sentencing, Goines acknowledged the seriousness of his offense, but argued that he should receive a sentence below the advisory range because he was 65 years old, he had no prior convictions, he had successfully raised his daughter, he had a good employment history and was unlikely to re-offend.  At the hearing, Goines testified that when he downloaded the child pornography, he did not know it was illegal.

Dr. Ted Shaw, a psychologist who evaluated Goines, testified that Goines displayed a normal sexual attraction to adult and adolescent females and did not show evidence that he ever molested a child.  Based on Goines's personal

3

characteristics, lack of a serious disorder, and general law-abiding nature, Dr. Shaw concluded that Goines did not present a danger to the community and was not likely to re-offend, either by viewing child pornography or committing a more serious offense. Dr. Shaw conceded, however, that there is no scientifically validated assessment currently available to estimate the risk of an individual re-offending.

After reviewing the § 3553(a) factors, the district court found that a sentence at the low end of the advisory guidelines was sufficient but not greater than necessary. The district court stated that a lower sentence was not appropriate because there was a large volume of materials, the materials involved very young children and the materials depicted acts that could be considered violence against those children. The district court also noted that Dr. Shaw had no way of knowing whether Goines would re-offend. The district court stated that it had considered the advisory guidelines, the § 3553(a) factors, Dr. Shaw's report, the PSI and Goines's statements to the court, and imposed a 78-month sentence. Goines filed this appeal.

## II. DISCUSSION

We review the reasonableness of a sentence under an abuse-of-discretion standard. Gall v. United States, 552 U.S. ___, ___, 128 S. Ct. 586, 597 (2007). A

sentence may be procedurally or substantively unreasonable.  United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).  A sentence may be procedurally unreasonable if the district court does not follow the requirements of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), regardless of the actual sentence imposed.  Hunt, 459 F.3d at 1182 n.3.  For a sentence to be procedurally reasonable, a district court must correctly calculate the guidelines range and consider the factors in 18 U.S.C. § 3553(a).  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker."  Id.  Once we determine that the sentence was procedurally reasonable, we evaluate the ultimate sentence's substantive reasonableness, considering the totality of the circumstances.  Gall, 552 U.S. at __, 128 S. Ct. at 597.  The party challenging the sentence bears the burden of showing that a sentence is unreasonable.  United States v. Johnson, 485 F.3d 1264, 1272 (11th Cir. 2007).

On appeal, Goines argues that his sentence is unreasonable because the district court did not meaningfully consider his unique history and characteristics – his positive employment history, his lack of a criminal history, his family background and age.  The district court gave both parties an opportunity to present

5

evidence and argue what sentence was appropriate. The district court considered Goines's arguments in mitigation, including those relating to his personal history and characteristics. We cannot say the district court abused its discretion in determining that Goines's mitigating facts were outweighed by the need to protect the public and for the sentence to reflect the seriousness of the offense. Goines has not carried his burden to show his 78-month sentence is unreasonable.[1]

   **AFFIRMED**.

---

[1]We reject as meritless Goines's newly-raised argument that his guidelines sex offense enhancements needed to be, but were not, supported by empirical data. Goines's reliance on Kimbrough v. United States, 551 U.S. ___, 128 S. Ct. 558 (2007), is misplaced. Kimbrough concluded that a district court may, but is not required to, deviate from the advisory guidelines in a particular crack cocaine case because the guidelines range for these offenses did not take into account empirical data. 128 S. Ct. at 575. It did not conclude that guidelines enhancements must be supported by empirical data or that a district court must lower a sentence because a guideline enhancement is not supported by empirical data.